IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24-37-GF-BMM-JTJ |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ELIJAH JOHN BULLCALF, | |
| Defendant. | |

## I.      Synopsis

Defendant Elijah John Bullcalf (Bullcalf) has been accused of violating the conditions of his supervised release. (Doc. 30).  Bullcalf admitted the alleged violations. Bullcalf's supervised release should be revoked.  Bullcalf should be sentenced to custody for 4 months with 32 months of supervised release to follow. During the first 60 days of supervised release, Bullcalf shall be placed at Connections Corrections, an in-patient substance abuse treatment facility, at the direction of his probation officer.  Following completion of such program, Bullcalf shall be placed at a residential re-entry center for a period of  up to 180 days as directed by his probation officer. The Court recommends that Bullcalf serve his custodial sentence at FCI Englewood.

**Status**

On December 10, 2024, Bullcalf pleaded guilty to the offense of Assault

Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6), 1153(a)

as charged in Count 1 of the Indictment. (Doc. 18).  Bullcalf was sentenced to 24

months of custody, followed by 3 years of supervised release. (Doc. 25).

Bullcalf's current term of supervised release began on February 13, 2026.

**Petition**

On March 17, 2026, the United States Probation Office filed a Petition

requesting that the Court revoke Bullcalf's supervised release. (Doc. 30). The

Petition alleged Bullcalf violated the conditions of his supervised release by: (1)

failing to answer truthfully inquiries by his probation officer on February 13, 2026,

by advising his probation officer his girlfriend, an active drug user, was sober; (2)

failing to notify his probation officer about a change in his living arrangements

during March of 2026; (3) using methamphetamine and alcohol on March 14,

2026; (4)  using methamphetamine on March 16, 2026; and (5) using

methamphetamine and alcohol on March 14, 2026.

**Amended Petition**

On May 5, 2026, the United States Probation Office filed an Amended

Petition requesting that the Court revoke Bullcalf's supervised release. (Doc. 32).

The Amended Petition alleged Bullcalf additionally violated the conditions of his

supervised release by: (6) failing to report to his probation officer as instructed on March 18, 2026; and (7) failing to report to his probation officer as directed on March 19, 2026 and providing a false name and date of birth to a Montana Highway Patrol officer and being in possession of drug paraphernalia on May 1, 2026.

**Initial Appearance**

Bullcalf appeared before the Court on  May 5, 2026.  Bullcalf was represented by counsel. Bullcalf stated that he had read the Amended Petition and that he understood the allegations against him. Bullcalf waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Bullcalf appeared before the Court on May 5, 2026.  Bullcalf admitted that he had violated the conditions of supervised release as set forth in allegations 1-6 of the Petition and to the part of allegation 7 alleging that he failed to report to his probation office on March 19, 2026.  The Government moved to dismiss the part of allegation 7 alleging Bullcalf provided a false name and date of birth to a Montana Highway Patrol officer and being in possession of drug paraphernalia on May 1, 2026, which the Court granted. Bullcalf's admitted violations, 1-6,  and part of 7, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Bullcalf appeared before the Court on May 5, 2026.  Bullcalf' violations are Grade C.  His criminal history category is I.  Bullcalf's underlying offense is a Class C felony.  Bullcalf could be incarcerated for up to 24 months. Bullcalf could be ordered to remain on supervised release for up to 36 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Bullcalf's supervised release should be revoked.  Bullcalf should be sentenced to custody for 4 months, with 32 months of supervised release to follow.  During the first 60 days of supervised release, Bullcalf shall be placed at Connections Corrections, an in-patient substance abuse treatment facility, at the direction of his probation officer.  Following completion of such program, Bullcalf shall be placed at a residential re-entry center for a period of up to 180 days as directed by his probation officer. The Court recommends that Bullcalf serve his custodial sentence at FCI Englewood.  This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Bullcalf that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Bullcalf of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Bullcalf that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That ELIJAH JOHN BULLCALF has violated the conditions of his supervised release by: (1) failing to answer truthfully inquiries by his probation officer on February 13, 2026, by advising his probation officer his girlfriend, an active drug user, was sober; (2) failing to notify his probation officer about a change in his living arrangements during March of 2026; (3) admitting to using methamphetamine and alcohol on March 14, 2026; (4) using methamphetamine on March 16, 2026; (5) using methamphetamine and alcohol on March 14, 2026 and March 16, 2026; (6) failing to report to his probation officer as directed on March 18, 2026; and (7) failing to report to his probation officer as directed on March 19, 2026.

The Court **RECOMMENDS**:

That the District Court revoke Bullcalf's supervised release and sentence Bullcalf to custody for 4 months, with 32 months of supervised release to follow.  During the first 60 days of supervised release, Bullcalf shall be placed at Connections Corrections, an in-patient substance abuse treatment facility, at the direction of his probation officer.  Following completion of such program, Bullcalf shall be placed at a residential re-entry center for a period of up to 180

days as directed by his probation officer. The Court recommends that Bullcalf serve his custodial sentence at FCI Englewood.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 6th day of May 2026.

John Johnston
United States Magistrate Judge